**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHANIQUA DAVIS,                 ) | |
|                        ) | |
|         Plaintiff,        ) | |
|                        ) | No. 20-cv-04984 |
|       v.                ) | |
|                        ) | Judge Andrea R. Wood |
| CITY OF CHICAGO,        ) | |
|                        ) | |
|         Defendant.     ) | |

**ORDER**

Defendant's motion to dismiss [11] is granted. The Complaint is dismissed with prejudice. The Clerk is directed to enter Judgment in favor of Defendant. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Shaniqua Davis lives in Chicago. She alleges that she left the country for nine days in December 2016, and that Defendant City of Chicago ("City") caused her car to be towed, impounded, and scrapped for unpaid traffic ticket debt during that time. In this putative class action, Davis asserts claims pursuant to 42 U.S.C. § 1983, alleging that the City violated her Fifth Amendment right against takings for public use without just compensation (Count I) and failed to provide her with proper notice of the seizure and sale of her car in violation of her Fifth Amendment due process rights (Count II). She further claims that the City violated a vehicle disposal notice provision of the Illinois Vehicle Code, 625 ILCS 5/4-208 (Count III), and a similar local notice provision, § 9-100-120 of the Municipal Code of Chicago (Count IV). Finally, Davis asserts a federal claim for a declaratory judgment (Count V), a state-law claim for unjust enrichment (Count VI), and a state-law claim for trover and conversion of personal property (Count VII). The City has moved to dismiss Davis's Complaint. (Dkt. No. 11.)

**I.**

For purposes of the City's motion to dismiss, the Court accepts as true the well-pleaded facts in Davis's Complaint and views those facts in the light most favorable to her. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826–27 (7th Cir. 2015).

As alleged, the City tows and impounds tens of thousands of vehicles every year, often because the owner has multiple unpaid traffic citations. (Compl. ¶ 2, Dkt. No. 1.) An owner cannot reclaim an impounded vehicle without paying all outstanding traffic citations, impoundment fees, late penalties, and collection fees. (*Id.* ¶ 3.) When an owner fails to pay the full amount owed within eighteen days, the City sells the vehicle for a fraction of its value but does

not apply the proceeds of the sale against the owner's outstanding debt. (*Id.* ¶¶ 4, 6.) In 2017, the City received about $4.6 million from selling unclaimed vehicles. (*Id.* ¶ 47.)

In December 2016, Davis's vehicle was towed for unpaid ticket debt pursuant to the City's impoundment program. (*Id.* ¶¶ 54, 56.) Davis received no notice of this action. (*Id.* ¶ 55.) Davis eventually spoke with a City employee who informed her that her car had been towed and that she would need to pay $1,200—the balance of her outstanding tickets and immobilization, towing, and storage fees—to retrieve it. (*Id.* ¶¶ 56–57.) Davis could not afford to pay that cost; shortly thereafter, when she called the City again, she learned that her car had been sold and she could no longer recover it. (*Id.* ¶¶ 58–59.) She was also told that the sale proceeds would not be applied against her debt and that she could not retrieve her personal possessions from the car. (*Id.* ¶ 60.) Her car was sold for scrap value (around $200), which was far less than it was worth. (*Id.* ¶¶ 42, 61–62.)

## II.

The City contends that Counts I through IV and Count VII are time-barred by their applicable statutes of limitations and must therefore be dismissed. "[T]he statute of limitations is an affirmative defense . . . [and] complaints need not anticipate and attempt to plead around defenses." *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004). For that reason, it is "irregular" to dismiss a complaint based on the statute of limitations. *Id.* But there is an exception when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

The statute of limitations for Davis's § 1983 claims (Counts I and II), which is determined by reference to Illinois state law, is two years. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). However, "the statute of limitations [starts] running only when the plaintiff learns that [she has] been injured, and by whom." *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). The state-law claims at issue here (Counts III, IV, and VII), because they are brought under Illinois state law against an Illinois municipality, have a statute of limitations of one year. *See* 745 ILCS 10/8-101. Under Illinois state law, a claim accrues when a plaintiff learns that she has been injured, even if she does not know who caused her injury. *Fid. Nat'l Title Ins. Co. of N.Y. v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006). Davis filed her Complaint on August 24, 2020; thus, the statute of limitations for her federal claims reaches back to August 24, 2018, and the statute of limitations for her state-law claims reaches back to August 24, 2019.

Davis's allegations, however, make clear that she learned the City had sold her car and would not compensate her for its sale in early 2017. Her car was towed and impounded in December 2016. (Compl. ¶¶ 54, 56.) She then spoke to a City employee who told her that she could retrieve her vehicle if she paid the necessary fees, which indicates that the conversation occurred within the eighteen-day window that the City gives owners to pay off their debt before selling the impounded vehicle. (*Id.* ¶¶ 4, 6, 56–57.) And "shortly thereafter," Davis learned that her car had been sold. (*Id.* ¶ 59.) Davis does not contest that she knew her car had been sold by early 2017—well before August 2018 and August 2019, the limits of the pertinent statutes of limitations.

2

With respect to her federal claims, Davis contends that the City's failure to credit her for the value of her sold car—or at least for the proceeds it received from the sale—constitutes a continuing violation such that the statute of limitations has not yet even begun to run. The continuing violation doctrine allows a plaintiff to "reach back to [the beginning of a violation] even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit [her] to sue separately over every incident of the defendant's unlawful conduct." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). However, where an injury is caused by a "discrete act," the "lingering consequences" of that act do not constitute a continuing violation. *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006).

Davis asserts that the continuing violation doctrine applies because the City keeps trying to collect payment for her unpaid ticket debt and has not applied the proceeds from the sale of her car against that debt. But this is merely a lingering consequence of the City's initial decision not to compensate Davis for the sale of her car, not a "fresh act each day" constituting a continuing violation. *See id.* Davis also suggests that it would be unreasonable to expect her to sue the City every time it demands payment to which it is not entitled. But that is not the subject of Davis's suit—she challenges the City's impoundment regime, not the lawfulness of the underlying tickets and fees. Because Davis's cause of action accrued "at the time of the taking," the City's continuing failure to pay for the alleged taking does not form a continuing violation. *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019). Davis's other cited authority do not hold to the contrary. *See Heard*, 253 F.3d at 318 (holding that an Eighth Amendment deliberate indifference claim involving continuing failures to treat, unlike a medical malpractice claim based on a discrete act of malpractice, constitutes a continuous violation); *Davis v. Wells Fargo Bank*, No. 07 C 2881, 2008 WL 1775481, at *4 (N.D. Ill. Apr. 17, 2008) (finding that although the plaintiff did not establish that the continuing violation doctrine applied and some of her allegations fell outside the statute of limitations, she stated a claim because she also alleged new "discrete act[s] with fresh adverse consequences" within the limitations period sufficient to state a claim); *City of Rock Falls v. Chi. Title & Tr. Co.*, 300 N.E.2d 331, 333–34 (Ill. App. Ct. 1973) (applying the continuous violation doctrine to an ongoing series of discrete tortious actions).

Davis notes that the one-year statute of limitations for her state-law claims does not apply to any claim demanding "relief other than damages." 745 ILCS 10/2-101; *see Raintree Homes, Inc. v. Vill. of Long Grove*, 807 N.E.2d 439, 444 (Ill. 2004). But Davis's argument fails because Counts III, IV, and VII explicitly seek damages and do not seek injunctive relief. Thus, they are not claims seeking relief other than damages. Davis also incorporates her previous continuing violation arguments in support of her state-law claims, but those arguments fail too for the reasons given above. Ultimately, Davis's allegations "unambiguously establish all the elements" of a statute of limitations defense and dismissal is therefore appropriate. *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). For this reason, the Court does not reach the merits of the parties' other arguments on these counts. Counts I, II, III, IV, and VII are dismissed with prejudice.

## III.

Davis's remaining claims do not stand on their own. Count VI asserts a claim for unjust enrichment under Illinois state law. However, "[u]nder Illinois law, there is no stand-alone claim

3

for unjust enrichment. Instead, Illinois courts describe it as 'a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence.'" *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019) (citations omitted); *see also Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 740 (7th Cir. 2019) (holding that under Illinois law unjust enrichment is a "request for relief" that is "tied to the fate" of an independent cause of action). The one case Davis cites against this conclusion is not to the contrary; in fact, the court explicitly declined to decide whether unjust enrichment was an independent claim under Illinois law. *Cleary v. Phillip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011). Because there is no independent unjust enrichment cause of action, "an unjust enrichment claim will stand or fall with related claims founded on the same improper conduct." *Anderson v. Rush St. Gaming, LLC*, No. 1:20-cv-04794, 2021 WL 4439411, at *7 (N.D. Ill. Sept. 28, 2021) (internal quotation marks omitted). Here, because Davis's other state-law claims are dismissed as time-barred, the unjust enrichment claim in Count VI must be dismissed as well. Similarly, the parties agree that Count V, which seeks a declaratory judgment, is dependent on Davis's other claims. Because Davis's other claims have been dismissed, Count V must be dismissed too.

## IV.

For the above reasons, the City's motion to dismiss (Dkt. No. 11) is granted. Davis's Complaint is dismissed with prejudice.

Dated:  September 27, 2022

_____
Andrea R. Wood
United States District Judge